```
            IN THE UNITED STATES DISTRICT COURT
                    DISTRICT OF MARYLAND
                      SOUTHERN DIVISION
```

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY<br>      COMMISSION,<br>Baltimore District Office<br>10 S. Howard Street, 3d Floor<br>Baltimore, Maryland 21201<br><br>          Plaintiff,<br><br>v.<br><br><br>THE GREAT ATLANTIC & PACIFIC<br>TEA COMPANY, INC.,<br>245 W. Chase Street<br>Baltimore, Maryland 21202<br><br>          Defendant. | Civil Action No.<br>C O M P L A I N T<br><br><u>JURY TRIAL DEMAND</u><br><br>JFM 05 CV 1211 |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to John Sullivan who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7 and 8 below, the Commission alleges that John Sullivan was discharged because of his race, white, and in retaliation for filing a charge of discrimination with the Commission. The Commission further alleges that on March 12, 2002, it entered into a Mediation Settlement Agreement with Eight O'Clock Coffee, a former division wholly owned and operated by Defendant, in settlement of Charge No. 120 A1 0884, filed by

*1*

John Sullivan. The Commission alleges that Defendant breached this agreement when it discharged John Sullivan.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Maryland, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, the Great Atlantic & Pacific Tea Company, Inc. (the "Employer"), has continuously been a Maryland corporation doing business in the State of Maryland and the City of Landover, and had continuously has at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, John Sullivan filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about November 22, 2002, Defendant Employer engaged in unlawful employment practices at its Landover, Maryland facility, in violation of Sections 703 and 704(a) of Title VII, 42 U.S.C. § 2000e-2 and 3. These practices include unlawfully discharging John Sullivan on the basis of his race, white, and in retaliation for filing a charge of discrimination against Defendant Employer.

8. By discharging John Sullivan on November 22, Defendant Employer breached its agreement with the Commission and John Sullivan not to discriminate or retaliate against him for filing Charge No. 120-A1-0884. A copy of the agreement is attached hereto as Attachment 1.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive John Sullivan of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race, white, because he filed a

charge of discrimination against Defendant Employer, and because Defendant Employer breached its agreement with the Commission.

10. The unlawful employment practices complained of in paragraph 7 above was intentional.

11. The unlawful employment practices complained of in paragraph 7 above was done with malice or with reckless indifference to the federally protected rights of John Sullivan.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in race discrimination and retaliation;

B. Grant a permanent injunction compelling specific performance of the agreement entered into and executed by Defendant through the Commission's mediation process.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals who oppose discrimination, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant to make whole John Sullivan by providing appropriate back pay with prejudgment interest, in amounts to be proven at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices;

 E. Order Defendant to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not take any action against employees because they have exercised their rights under that statute;

 F. Order Defendant to make whole John Sullivan by providing compensation for past pecuniary losses including job search expenses;

 G. Order Defendant to make whole John Sullivan by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

 H. Order Defendant to pay to John Sullivan punitive damages for its callous indifference to his federally protected right to be free from race discrimination and retaliation in the workplace;

 I. Grant such further relief as the Court deems necessary and proper; and

 J. Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
GERALD S. KIEL, Bar No.07770
Regional Attorney

_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney

_____
REGINA M. ANDREW, Bar No.7756
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 962-4220