## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>          **Plaintiff**<br>     and<br>**JOHN SULLIVAN,**<br>          **Intervenor Plaintiff**<br><br>     v.<br><br>**THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,**<br><br>          **Defendant** | Case No. PWG-05-1211 |

### ORDER OF JUDGMENT

The Jury, having returned a verdict in favor of the Plaintiff ("EEOC") and Intervening Plaintiff ("Sullivan") against the Defendant ("A&P"); and further rulings having been made during a hearing in Court on October 4, 2007, which are incorporated herein by reference, it is this 9th day of October, 2007,

**ORDERED**:

1. Judgment is entered in favor of the EEOC and Sullivan, with costs, on their claims that A&P discriminated against Sullivan on the basis of his race by terminating his employment with A&P in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and § 1981of the Civil Rights At of 1866, 42 U.S.C. § 1981;

2. Judgment is entered in favor of A&P and against the EEOC and Sullivan with respect to all other claims alleged against A&P;

3. For the reasons stated in open court during the hearing held on October 4, 2007, which are incorporated herein by reference, Sullivan is awarded back pay in the amount of Seventy-three thousand, one hundred thirty three dollars, and thirty-two cents ($73,133.32) and is awarded no front pay;

4. Pursuant to the jury verdict returned on July 23, 2007, Sullivan is awarded compensatory damages of: sixteen thousand, six hundred dollars ($16,600.00), for loss of savings and early withdrawal penalties, and seven thousand-six hundred dollars ($7,600.00) for

    COBRA insurance above what he would have been required to pay for medical coverage had he remained employed, for a total award of compensatory damages payments of twenty-four thousand, two hundred dollars ($24,200.00);

5. For the reasons stated in open court during the hearing held on October 4, 2007, which are incorporated herein by reference, the following equitable and injunctive relief is ordered against A&P, pursuant to Section 706(g) Title VII, 42 U.S.C. §2000 e-5(g):

       Defendant A&P, its officers, successors, assignors and all persons who act in concert with it, are enjoined from engaging in employment practices which discriminate unlawfully on the basis of race and shall, for the duration of this injunction, carry out effective practices, policies and programs that eradicate the effects of its past unlawful employment practices and prevent such discrimination in the future. Insofar as there was no evidence of a systematic pattern of harassment or continuing effects of past harassing conduct, these measures will include:
   
   i. Providing mandatory annual training for its managers and supervisors comparable to that provided in the settlement agreement entered into in *EEOC v. The Greater Atlantic and Pacific Tea Co. Inc.*, JFM-04-3114, to enable them to work with employees in a non-discriminatory manner;
   
   ii. Permanently posting its anti-discrimination policy at its facilities in such a place and manner as to effectively advise management, supervisors, and employees of their obligation not to discriminate on the basis of race, color, religion, sex or national origin as set forth in Section 703(a) of Title VII of the Civil Rights Act of 1964;
   
   iii. Provide an annual written report to the EEOC that demonstrates the method and manner by which Defendant is complying with this order, such as:
   
       a. Copies of writings documenting its compliance;
       b. A description of the training conducted along with the date or dates upon which the training took place and the identity and qualifications of the person or persons who facilitated the training; and
       c. A list identifying employees who attended the training along with the total percentage of employees who completed the training.
   
   iv. This injunction shall last for a period of three years from the date of the entry of the final judgment and the court shall retain jurisdiction to enforce its provisions.

6. For the reasons stated in open court during the hearing held on October 4, 2007, which are incorporated herein by reference, Sullivan is awarded attorneys' fees in

    the amount of sixty thousand and thirty six dollars ($60,036.00) and reasonable litigation costs and expenses of ten thousand six hundred forty-seven dollars ($10,647.00);

7. Any post trial motions shall be filed within ten (10) days of this Order of Judgment; and

8. Any and all prior rulings made by the Court disposing of any claims against any parties are incorporated herein and this order shall be decreed to be a final judgment within the meaning of Federal Rule of Civil Procedure 58.


Dated: Tuesday, October 9, 2007                          /S/
                                                           Paul W. Grimm
                                       United States Magistrate Judge